139 N.J. Super. 226 (1976)
353 A.2d 151
GARY A. HARLAN, PLAINTIFF,
v.
FIDELITY AND CASUALTY CO., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 28, 1976.
*227 Mr. Elliot M. Bross for plaintiff. (Messrs. Horowitz, Bross & Sinins, attorneys).
Mr. John P. McGee for defendant. (Messrs. Webb, McDermott & McGee, attorneys).
THOMAS, J.S.C.
Plaintiff's motion for summary judgment presents a question of first impression with reference to "no fault" coverage for an auto-motorcycle accident. The facts are undisputed. On August 15, 1973 plaintiff sustained personal injuries while operating a motorcycle that collided with an auto. At the time of the accident plaintiff was the son of the named insured and living at home. Plaintiff applied for benefits from defendant insurance company, asserting that as a resident of the named insured's household at the time of his accident involving an automobile, he was a covered person entitled to PIP benefits. The claim was denied because plaintiff, while operating a motorcycle, was not an "eligible insured person" under the terms of the policy.
Defendant's policy in part provides for benefits to an "eligible injured person," defined as "the named insured or any relation of the named insured if the named insured or relative sustains bodily injury (1) while occupying, using, *228 entering into or alighting from a private passenger automobile or; (2) while a pedestrian caused by a private passenger automobile or as a result of being struck by an object propelled by or from such an automobile." This definition of "eligible injured person" excludes plaintiff, as a motorcycle rider, even though his injuries were the result of an accident with an automobile.
Plaintiff contends that N.J.S.A. 39:6A-4, notwithstanding the language of defendant's policy, requires that he be covered so long as his injury resulted from an accident involving an automobile.
N.J.S.A. 39:6A-4 in part reads:
Every automobile liability insurance policy insuring an automobile * * * shall provide additional coverage * * * for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured and to pedestrians sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. [Emphasis supplied]
This section of the statute establishes coverage for three classes of persons: (1) the named insured and members of his family, (2) other persons and (3) pedestrians. For each class a description of those events resulting in injuries which qualify for coverage is presented. Plaintiff is a member of the first class and as such is entitled to recover for bodily injuries "as a result of an accident involving an automobile." No other limitation is placed upon this right to recover. (It should be noted that N.J.S.A. 39:6A-4, as originally enacted by L. 1972, c. 70, was amended by L. 1972, c. 203, allowing for payments of benefits to persons injured as a result of an "accident involving an automobile" rather than as the result of an "automobile accident.") The statute is clear and unambiguous providing coverage for that class comprising the *229 named insured and certain members of his family for injuries as a result of an accident involving an automobile.
Nevertheless, defendant insurance company has by virtue of the language of its policy restricted coverage, for members of plaintiff's class, to injuries occurring while using or getting in or out of an automobile or while as a pedestrian. The statute does not so restrict coverage. If the named insured or a member of his family is injured as a result of an accident involving an automobile, it makes no difference if the injured person was, at the time of the accident, riding in a car or on a bicycle, motorcycle, truck, snowmobile, horse, donkey or bus. Such is the plain language of the statute. The Legislature is deemed to have intended what it said and the court may not construe a contrary concept. If such was not the Legislature's intent, it is up to that body to correct its own handiwork.
The policy here is amended to contain coverage no less broad than the statutory standard. See Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373 (1966), and Kish v. Motor Club of America, 108 N.J. Super. 405, 409 (App. Div. 1970) ("* * * a policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard"). The matter shall proceed on the issue of damages alone, with plaintiff to submit an appropriate order.