141 N.J. Super. 37 (1976)
357 A.2d 74
NEW ARK COOPERATIVE INCORPORATED, PLAINTIFF,
v.
LARRIE STALKS, REGISTER OF ESSEX COUNTY AND MACLYN S. GOLDMAN, TREASURER OF ESSEX COUNTY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 6, 1976.
Messrs. Brach, Eichler, Rosenberg & Silver, attorneys for plaintiff (Mr. George Y. Sodowick appearing).
Mr. Francis Patrick McQuade, attorney for defendants (Mr. Richard M. Cignarella, appearing).
*38 THOMAS, J.S.C.
Plaintiff, a limited-dividend non profit housing corporation, incorporated pursuant to N.J.S.A. 55:16-1 et seq., and defendant Essex County Register, seek summary judgment on their cross-motions. Their action requires this court's interpretation of a portion of the Limited Dividend Housing Act and determination of whether New Jersey's real estate transfer tax applies when realty is conveyed to such a corporation.
On October 31, 1972 plaintiff bought all of the real property owned by Academy Spires Inc., itself a limited dividend housing corporation. When plaintiff presented its deed for recording, defendant Essex County Register required payment of $8,987.50, the transfer tax he said was due under N.J.S.A. 46:15-5 et seq. Plaintiff paid the tax under protest and brought this action for its refund, relying upon N.J.S.A. 55:16-19 which plaintiff maintains entitles it to an exemption for the transfer tax as well as all other state taxes.
N.J.S.A. 55:16-19 provides in part:
Housing corporation [sic] organized under the provisions of this Act shall be exempt from payment of any franchise or other State tax.
Defendant contends the rule of ejusdem generis must be used to interpret this statute. Its reasoning proceeds as follows: the words "or other" in the statute should be interpreted to mean "other like tax"; the words "or other state tax" would then mean or other state taxes like a franchise tax and not state taxes generally; since transfer taxes are not like franchise taxes, the transfer tax would not be exempt. Such, concludes defendant, was the intention of the Legislature.
The rule of ejusdem generis, discussed in cases cited by defendant and which would import the above interpretation, is not to be used without considering the intent of the Legislature in drafting statutory provisions.
*39 Statutes cannot be read in a vacuum void of relevant historical and policy considerations and related legislation. [Matawan v. Monmouth Cty. Tax Board, 51 N.J. 291, 299 (1968)]
The rule of ejusdem generis is in aid of construction where the expression is of doubtful meaning; and it has no application where the legislative design is expressed in plain and unambiguous terms. The doctrine is a specific application of the maxim "noscitur a sociis;" and it would be a perversion of its essential purpose if it were allowed to render general words meaningless. It is not an absolute formula that overrides all other canons of interpretation; and it is never applied to defeat the legislative purpose revealed by the provision in its entirety, giving to all the terms their normal sense and significance. It goes without saying that general terms in a statute must be given a meaning beyond the particular words where it is plain from the whole that they were used in a broader sense. As with all other canons of construction, the doctrine yields to the intention revealed by the context, viewing the language in its ordinary acceptation. Mason v. United States, 260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396 (1922); Danciger v. Cooley, 248 U.S. 319, 39 S.Ct. 119, 63 L.Ed. 266 (1918); Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 55 S.Ct. 50, 79 L.Ed. 211 (1934); United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598 (1940). [Edwards v. Mayor etc., of Moonachie, 3 N.J. 17, 23 (1949)]
N.J.S.A. 55:16-19 is clear and unambiguous. Franchise taxes and all other state taxes need not be paid. To rule otherwise would defeat the plain intent of the Legislature. As stated in Harlan v. Fidelity & Casualty Co., 139 N.J. Super. 226 (Law Div. 1976):
The Legislature is deemed to have intended what it said and the court may not construe a contrary concept. If such was not the legislature's intent it is up to that body to correct its own handiwork.
The purpose of a limited-dividend nonprofit housing corporation is to provide adequate accommodations for families in need of housing and for development and redevelopment of blighted areas. See N.J.S.A. 55:16-4. Projects or improvements by such housing corporations made in blighted areas are exempt from all property taxes. N.J.S.A. 55:14E-11. Tax relief is an obvious device used to encourage such development. To limit the exemption contained in *40 N.J.S.A. 55:16-19 to those taxes which are within a class similar to franchise taxes would stifle the purpose intended by the legislature.
Further, the statute here uses a particular word that exhausts its class; a franchise tax is a franchise tax, there is no other like tax; therefore the general words "or other state tax" must be construed as embracing something outside of the class of franchise taxes.
The doctrine of ejusdem generis, while aimed to preserve a meaning for the particular words, "is not intended to render meaningless the general words. Therefore, where the particular words exhaust the class, the general words must be construed as embracing something outside of that class." Edwards, supra at 3 N.J. at 24].
Also see 3 Sutherland, Statutes and Statutory Construction (3 ed.), at 405-406:
Where the specific word(s) embrace all the persons or objects of a class designed by the enumeration, the general words take a meaning beyond the class. To apply the rule [ejusdem generis] in this instance would render the general words meaningless for the reason there is nothing "ejusdem generis" to fall within their purview. [Citations omitted] Its application, consequently would contravene the more important rule of construction that all words are to be given effect. [Citations omitted] In order to prevent their rejection as surplusage, the general words take an unrestricted meaning on the ground that the legislature by the addition of general words to an exhaustive enumeration must have intended that they have meaning outside the class. [Citations omitted].
Defendant also argues that plaintiff must pay the tax because the transfer tax statute, N.J.S.A. 46:15-10, specifically exempts certain people and entities from its application, but omits to include limited-dividend housing corporations as one of those exempt. Defendant reasons that since plaintiff is not specifically exempted in the tax statute the Legislature must have intended it to be subject to the tax. The language of Justice Heher in Modern Industrial Bank v. Taub, 134 N.J.L. 260 (E. & A. 1946), is most appropriate to this argument:
*41 A statute must be construed with reference to the entire system of which it forms a part. Statutes in pari materia are construed as one act, and the whole harmonized, if possible; and statutes upon cognate subjects may be considered in arriving at the legislative intention, though not strictly in pari materia. This principle is essential to give unity to the laws, and to connect them in a symmetrical system. Implied repealers are not favored in the law. When there is no express repeal, none is presumed to have been intended; and the effect of a new statute upon a long established statutory policy is always in view. If the expression is susceptible of two meanings, that will be adopted which comports with the general public policy of the State, as manifested by its legislation, rather than that which runs counter to such policy. It is to be presumed that the law-making body did not intend to disregard or modify a long-settled statutory policy, unless the purpose so to do is declared in certain and unequivocal terms. Lewis' Sutherland Statutory Construction (2d ed). §§ 267, 443, 447, 448, 487, 516, 581. [at 263]
The housing corporation statute with its exemption provision for franchise and all other state taxes was passed in 1949 with certain amendments being made in 1967. The transfer statute was enacted in 1968 and amended in 1974. It must be presumed the Legislature knew, when it passed the transfer tax, of the existing tax exemption for housing corporations which had been enacted 19 years earlier. To include such corporation as specifically exempt in the transfer statute was unnecessary since all state taxes as to such corporations were already exempt under existing law. "In construing a statute, it is to be assumed that the Legislature is thoroughly conversant with its own legislation * * *," In re Keogh-Dwyer, 45 N.J. 117, 120 (1965) and does not need to perform a meaningless act.
Plaintiff, a limited-dividend housing corporation, is exempt from payment of the New Jersey real estate transfer tax. This tax is an "other State tax" exempted by virtue of N.J.S.A. 55:16-19. Defendant erred in requiring the payment of a realty transfer tax fee by plaintiff and is directed to repay plaintiff $8,987.50 plus interest from December 7, 1972.