146 N.J. Super. 166 (1976)
369 A.2d 47
JAMES BINGHAM, PLAINTIFF,
v.
THE HOME INDEMNITY COMPANY, A CORPORATION AUTHORIZED TO ISSUE INSURANCE IN THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 23, 1976.
*167 Mr. James E. Flynn for plaintiff (Mr. James P. Dugan, attorney).
Mr. Floyd F. Lombardi for defendant (Messrs. DeSevo, Cerutti & Lombardi, attorneys).
BILDER, J.S.C.
This is an action by an assured against his insurance company to recover "no fault" benefits for injuries resulting from an accident between a motorcycle and a commercial vehicle. Defendant The Home Indemnity Company (Home) has brought a motion for summary judgment on the ground the accident is not within the personal injury protection coverage of its policy.
There is no dispute as to the material facts. Plaintiff was a named insured under a policy issued by Home covering a Ford automobile. On May 28, 1976, during the life of that policy, plaintiff was injured while operating a motorcycle. The accident involved the motorcycle and a commercial vehicle  a business delivery truck. Home has disclaimed liability on the grounds that plaintiff was not an "eligible injured person" as defined in the policy because he was operating a motorcycle at the time of the accident and that the accident was not one involving a "private passenger automobile" as defined in the policy because it involved a motorcycle and a commercial vehicle.
This case is almost an "instant replay" of Harlan v. Fidelity Casualty Co., 139 N.J. Super. 226 (Law Div. 1976), wherein a member of an insured's family was found entitled to personal injury protection benefits when he was injured while operating a motorcycle involved in an accident with an automobile. It is identical in the more restrictive coverage attempted by the policy and the claimants status as a motorcyclist. Its sole distinction lies in the classification of *168 the other vehicle involved in the accident. In Harlan it was a private automobile; here it is a commercial vehicle. This distinction makes a difference and entitles the defendant to the dismissal it seeks.
As noted in Harlan, plaintiff's rights are at least as broad as the statutory standard, and the policy, if it seeks to be more restrictive, is automatically amended to conform with the legislated requirements. Id. at 229. Plaintiff, by virtue of his automobile policy, is a named insured and is entitled to receive "no fault" benefits for his injuries if the accident is one "involving an automobile." Id. at 228.
N.J.S.A. 39:6A-2(a) defines the word "automobile" as used in the New Jersey Automobile Reparation Reform Act as follows:
"Automobile" means a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pick-up body, a delivery sedan or a panel truck or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching. An automobile owned by a farm family copartnership or corporation which is principally garaged on a farm or ranch and otherwise meets the definitions contained in this section, shall be considered a private passenger automobile owned by two or more relatives resident in the same household.
Neither the motorcycle operated by plaintiff nor the commercial vehicle with which it collided are an "automobile" as defined in the act[1] nor as defined in the policy.[2]
*169 The injuries which form the basis of plaintiff's claim were not "sustained * * * as a result of an accident involving an automobile" (N.J.S.A. 39:6A-4) and therefore are not within the personal injury protection coverage of defendant's policy.
Defendant's motion for summary judgment is granted.
NOTES
[1] Apparently commercial vehicles were excluded because occupants of these vehicles are ordinarily adequately protected by workmen's compensation. Iavicoli, No Fault and Comparative Negligence in New Jersey, 96 (1973).
[2] The policy among other things, provides as follows:

"a private passenger automobile does not include a motorcycle, an automobile used as a public or livery conveyance for passengers, a pick-up or panel truck, delivery sedan or utility automobile customarily used for business, occupational or professional purposes other than farming or ranching or a utility automobile customarily used for the transportation of passengers other than members of the user's family or their guests."