392 A.2d 796

Albert GOLDSTEIN, Appellant,

v.

FIRST GENERAL INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 12, 1977.

Decided Oct. 20, 1978.

Michael J. Pepe, Jr., Philadelphia, for appellant.

Joseph S. Bekelja, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, granting defendant, the insurance company, judgment on the pleadings.

According to the complaint of plaintiff-appellant, Mr. Goldstein, was involved in an accident in Philadelphia, Pennsylvania (his place of residence) while driving a car he had borrowed from one Murray Iseman. Mr. Iseman is a New Jersey resident and the named insured in an automobile insurance policy issued by defendant-appellee. Mr. Goldstein claims benefits under the policy for medical expenses and lost wages suffered as a result of the accident.

The insurance company, in denying Mr. Goldstein's entitlement, relies primarily on a policy exclusion reading as follows:

"The insurance under this endorsement does not apply:

.    .    .    .    .

(c) to bodily injury to any person, other than the named insured or a relative of the named insured or a resident of New Jersey, if the accident occurs outside of New Jersey."

Mr. Goldstein's response is that this exclusion is void as contrary to New Jersey law, both parties agreeing that New Jersey law determines the validity of the exclusion. See *Crawford v. Manhattan Life Ins. Co. of N. Y.*, 208 Pa.Super. 150, 221 A.2d 877 (1966). The New Jersey statute on which appellant relies is N.J.S.A. 39:6A–4, which reads in pertinent part:

"39:6A–4.  Personal injury protection coverage regardless of fault.

"Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, *to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured* and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. 'Additional coverage' means and includes:

"a.  Medical expense benefits.  Payment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident.  In the event of death, payment shall be made to the estate of the decedent.

"b.  Income continuation benefits.  The payment of the loss of income of an income producer as a result of bodily injury disability, subject to a maximum weekly payment of $100.00, per week.  Such sums shall be payable during the life of the injured person and shall be subject to an amount or limit of $5,200.00, on account of injury to any one person, in any one accident." (Emphasis added.)

We agree with appellant that the insurance company's policy exclusion is invalid, for New Jersey law is clear that coverage may not be limited to New Jersey accidents, nor to the insured and his relatives. In *Cirelli v. Ohio Casualty Co.*, 133 N.J.Super. 492, 496, 337 A.2d 405 (1975) the court stated, referring to the policy sued on there:

> "The . . . policy, in accord with the New Jersey No Fault Law . . . affords unlimited coverage to the assured for medical expenses without any caveat respecting the place of accident. This unlimited coverage represents a deliberate legislative policy which is implemented by the clear language of the insurance contract.
>
> .    .    .    .    .
>
> The insurance company is bound by the terms of its policy—terms which are enforceable against it regardless of the locus of the accident."

New Jersey cases have also repeatedly held that policies which fail to conform to the statutory requirements are amended to so conform. In *Hoglin v. Nationwide Mut. Ins. Co.*, 144 N.J.Super. 475, 482, 366 A.2d 345, 349 (1976) the court stated:

> "The endorsements . . . terms . . . to the extent that they conflict with the coverage required by the statute, are inapplicable and the PIP [Personal Injury Protection] endorsement is amended to conform to the statutory standards."

See also *Bingham v. Home Indemnity Co.*, 146 N.J.Super. 166, 369 A.2d 47 (1976) and *Harlan v. Fidelity and Casualty Co.*, 139 N.J.Super. 226, 353 A.2d 151 (1976).

Since plaintiff is among the beneficiaries enumerated in the statute, and nothing in the statute indicates an intention that one class of beneficiaries be treated differently from other classes, any policy exclusion based on his place of residence or the place of the accident must fail.

Since the PIP endorsement, as amended by this court to conform with N.J.S.A. 39:6A–4, obligates the insurance company to pay Mr. Goldstein's medical expenses if the allega-

tions in his complaint are proved, we need not consider appellant's alternative argument that certain optional medical payments coverage purchased by the insured also requires appellee to pay his medical expenses. (It is clear from the amount of damages sought by appellant's complaint that he is not claiming a right to recover twice for the same expenses.)

Judgment on the pleadings reversed and case remanded for further proceedings consistent with this opinion.

PRICE, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.