Judgment of acquittal shall be entered for defendant.

MADIE PEARMAN, PLAINTIFF, v. UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided May 20, 1982.

*Berenson, Kessler, Woodruff, DiGiovanni*, attorneys for plaintiff (*Frank DiGiovanni* appearing).

*Beattie & Padovano*, attorneys for defendant (*Jack Scher* appearing).

THOMAS, J. S. C.

Can the uninsured operator of an uninsured auto recover personal injury protection (PIP) benefits from the Unsatisfied Claim and Judgment Fund (UCJ) after being negligently struck by an insured driver? The issue is raised here on cross-motions for summary judgment based upon stipulated facts. The answer is "No."

Plaintiff was involved in an automobile accident while operating a car with the permission of its owner. Neither plaintiff operator nor the owner carried insurance which provided PIP coverage for plaintiff. The other vehicle (Perkins) was insured with a standard liability-PIP policy, but its PIP coverage did not extend to plaintiff.

Plaintiff settled her claim against Perkins for $4,000. The parties here stipulated that Perkins alone was responsible for the accident and that the settlement did not include payment for plaintiff's medical expenses which she now seeks to recover from defendant UCJ under *N.J.S.A.* 39:6–61 *et seq.*

Our Supreme Court has noted:

> The primary object of the Unsatisfied Claim and Judgment Fund law is to provide a measure of relief for persons who sustain losses or injury inflicted by financially irresponsible or unidentified owners or operators of motor vehicles, where such persons would otherwise be remediless. *Dixon v. Gassert,* 26 *N.J.* 1 (1958); [*Corrigan v. Gassert,* 27 *N.J.* 227, 233 (1958)]

To effectuate this objective a person who files a claim against the UCJ usually must obtain a judgment against the operator of the other vehicle. See *N.J.S.A.* 39:6–69. A hearing is subsequently held pursuant to *N.J.S.A.* 39:6–70 in which the applicant must demonstrate, among other things, that "[t]he judgment debtor at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay in whole or in part the amount of the judgment." *N.J.S.A.* 39:6–70(f).

Thus, at least prior to 1972, plaintiff could not obtain any money from the UCJ because the responsible driver is insured. She argues, however, that the adoption of the no-fault system has changed the prior statutory scheme.

In 1972 the Legislature enacted a no-fault system of insurance. See *N.J.S.A.* 39:6A–1 *et seq.* The purpose of this new law was:

1. The prompt and efficient provision of benefits for all accident injury victims (the *reparation* objective)
2. The reduction or stabilization of prices charged for automobile insurance (the *cost* objective)
3. The ready availability of insurance coverage necessary to the provision of accident benefits (the *availability* objective)
4. The streamlining of the judicial procedures involved in this third-party claim (the *judicial* objective) [*Herold v. Inman,* 180 *N.J.Super.* 581, 588 (Law. Div.1981)]

A key feature of the new act was the prompt payment of certain losses without regard to fault. *N.J.S.A.* 39:6A–4. How-

ever, not every victim of an auto accident is entitled to these PIP benefits. Payments are limited to those who fall within certain well defined categories. See *N.J.S.A.* 39:6A–4; *Pennsylvania Mfrs. Ass'n Co. v. Government Empl. Ins. Co.*, 136 *N.J.Super.* 491, 497 (App.Div.1975), aff'd o.b. 72 *N.J.* 348 (1977); *Harlan v. Fidelity & Cas. Co.*, 139 *N.J.Super.* 226, 227 (Law Div. 1976). Plaintiff's status did not qualify her for PIP benefits from Perkins' carrier.

At the time the new No-Fault Law was adopted the Legislature also amended the Unsatisfied Claim and Judgment Fund law to provide PIP benefits for claimants. See *N.J.S.A.* 39:6–86.1. Presumably, the Legislature wanted certain victims of auto accidents involving financially irresponsible drivers to be afforded the same prompt payment of medical bills and lost wages that victims of accidents with insurance coverage were receiving. Thus, *N.J.S.A.* 39:6–86.1 states:

> When any person qualified to receive payments under the provisions of the "Unsatisfied Claim & Judgment Fund Law," suffers bodily injury or death arising out of the ownership, maintenance, operation or use of an automobile, as defined in P.L. 1972, c.70, registered or principally garaged in this State for which personal injury protection benefits under the "New Jersey Automobile Reparation Reform Act" would be payable to such person if personal injury protection coverage were in force and the damages resulting from such automobile accident or deaths are not satisfied due to the personal injury protection coverage not being in effect with respect to such automobile accident, then in such event the Unsatisfied Claim and Judgment Fund shall provide under the following conditions, the following benefits:

> . . . . . . . .

When a claimant applies for these benefits he must comply with *N.J.S.A.* 39:6–86.5, which provides:

> Any qualified person seeking to receive benefits as provided in Sections 7 and 10 of this act shall comply with the provisions of section 5 of P.L. 1952, c. 174 (C.39:6–65) and payment under these sections shall be payable to the qualified person entitled to receive such benefits, as the loss accrues, upon receipt of reasonable proof of such loss and without the need of a judgment as to damages, or a hearing as provided in section 10 of P.L. 1954, c. 174 (C.39:6–70) or an order for payment as provided in section 11 of P.L. 1954, c. 174 (C.39:6–71).

Plaintiff argues that since *N.J.S.A.* 39:6–86.5 provides for payment "as the loss accrues" and "without the need of a

judgment as to damages or a hearing as provided in [*N.J.S.A.* 39:6–70]," she is not restricted by the requirements of *N.J.S.A.* 39:6–70 when attempting to recover PIP expenses from the UCJ. In effect, she argues that the 1972 amendment, and more specifically *N.J.S.A.* 39:6–86.5, negates the old requirement of *N.J.S.A.* 39:6–70(f) that the judgment debtor, *i.e.*, the responsible driver, be uninsured.

However, review of the 1972 amendment leads to the conclusion that the Legislature did incorporate the previous safeguards of *N.J.S.A.* 39:6–70 into *N.J.S.A.* 39:6–86.1. The first few lines of *N.J.S.A.* 39:6–86.1 read: "When any *person qualified* to receive payments under the provisions of the 'Unsatisfied Claim and Judgment Fund law'" *Id.* (emphasis supplied). Footnote 1 in this quotation refers to the entire Unsatisfied Claim and Judgment Fund Law as amended in 1972, *N.J.S.A.* 39:6–61 to 39:6–91. See *N.J.S.A.* 39:6–86.1. Thus, plaintiff must be a "person qualified" under the Unsatisfied Claim and Judgment Fund Law in order to recover PIP expenses from the UCJ. This, of course, means the person responsible for the accident must be uninsured. *N.J.S.A.* 39:6–70(f).

By definition, plaintiff is a "qualified person" under the act as "a resident of this state." *N.J.S.A.* 39:6–62. This does not mean, however, that she fulfills the requirement of *N.J.S.A.* 39:6–86.1 of a "person qualified under [*N.J.S.A.* 39:6–61 to 39:6–91]." The reversal of the words "person" and "qualified" in *N.J.S.A.* 39:6–86.1 was designed to incorporate all of the pre-1972 claim requirements into the 1972 amendment. If the Legislature had meant that a party seeking to recover PIP benefits under *N.J.S.A.* 39:6–86.1 need only be a "qualified person" pursuant to the definition in *N.J.S.A.* 39:6–62, they would have used those exact words. Further, the footnote in *N.J.S.A.* 39:6–86.1 would only have had to refer to *N.J.S.A.* 39:6–62 if the Legislature solely intended that a claimant be a "qualified person." Additional evidence that this switching of words was not inadvertent is reflected in *N.J.S.A.* 39:6–86.3 and

39:6–86.5. These provisions, also part of the 1972 amendment, speak in terms of "qualified persons."

This reading of the statute is consistent with the stated object of the Unsatisfied Claim and Judgment Fund Law to provide some relief for losses "inflicted by *financially irresponsible* ... operators of motor vehicles." *Corrigan v. Gassert, supra,* 27 *N.J.* at 233 (emphasis supplied). Plaintiff had a common law right of recovery for damages, including her PIP type expenses, against Perkins which could have been satisfied to the extent that liability coverage was afforded by Perkins' carrier. *Pennsylvania Mfrs. Ass'n Co. v. Government Empl. Ins. Co., supra,* 136 *N.J.Super.* at 498; *Herold v. Inman,* 180 *N.J.Super.* 581, 590 (Law Div.1981). Since plaintiff has received or could have received full or at least partial reparation from an insured responsible person, the UCJ is not liable in addition thereto for her PIP expenses.

Defendant UCJ's motion for summary judgment is granted; plaintiff's is denied.