LASSER, P.J.T.C.
This is an action to review the denial of a refund of realty transfer fee paid upon the recording of deeds for the sale of condominium units in a five-story condominium apartment building at 109 Grand Street, Englewood, New Jersey. Taxpayer claims a partial exemption under N.J.S.A. 46:15-10.1(b), contending that the transfers are “the sale of property upon which there is new construction,” as new construction is defined in N.J.S.A. 46:15-5. Section 10.1(b) exempts a portion of the realty transfer fee imposed on grantors on the sale of property upon which there is new construction. In such case, $1.25 of the $1.75 fee for each $500 of consideration is exempted. The Director of the Division of Taxation moved for summary judgment, and the taxpayer made a cross-motion for summary judgment.
The facts are not in dispute. The subject property was damaged by fire on November 9, 1980. Prior to the fire, the property was improved with a five-story English Tudor style apartment building housing approximately 73 families. The insurance company regarded the building as a total loss and paid $675,000, the full amount of the coverage. On December 5, 1980, after a hearing, the City of Englewood found the building to be unsafe and ordered that it be made safe and secure by reconstruction and replacement of defective portions, or that the building be taken down and removed. The defective portions listed were: 1) the entire roof, 2) partitions, lath, plaster, fire-retarding doors, trim, windows and equipment charred, burned, broken, missing or damaged, 3) masonry mortar joints eroded, 4) structure open at windows and roof, 5) structural members waterlogged, unsound and in danger of collapse. On January 10, 1981, Grand Reconstruction Corp. signed a contract to purchase the fire-damaged property for $160,000. Construction began in January 1981. The property was conveyed to Grand Chester Associates, a partnership, on March 12,1981. The engineering survey which was included as a part of the prospectus in connection with the sale of the condominium units, states that the entire building had been *339 gutted and all new materials installed, with the exception of most of the exterior walls, the elevator shaft and cab, some interior bearing walls and some floor joists. The answers to interrogatories indicate that the prior configuration of the building in the form of an H was changed to a square by closing in the rear alley and modifying the front entrance.
Construction was completed in 1982. After completion, the building was used and occupied as a 41-unit condominium apartment building. The building continued to have the same English Tudor style exterior. The apartment configurations had changed, and the new construction consisted of new interi- or walls, floors, ceilings, doors, insulation, heating appliances, railings, window frames, air-conditioning, electrical, plumbing, a new roof, an intercom system, new glass, carpeting and, in the words of a partner in Grand Chester Associates, “... essentially everything else except the masonry shell.”
By agreement between the new owners and the City of Englewood, the 1981 local property tax assessment on the property was reduced. The assessment before the fire and the agreed reduction for 1981 are as follows:
Before the Fire After the Fire
Land $ 288,000 $ 150,000
Improvements 76,400 10,000
Total $ 364,400 $ 160,000
After completion of construction, the assessed valuation of the property was approximately $3,000,000.
Taxpayer contends that the construction was new construction and that the salvageable remains of the building were minor in relation to the new additions. The Director contends that the construction was repair, rehabilitation or renovation of an existing building, not a new improvement as defined in the statute and the Director’s regulations.
Although referred to in the statute as a recording fee, this fee has been held to be a state tax. New Ark Coop., Inc. v. *340 Stalks, 141 N.J.Super. 37, 357 A.2d 74 (Law Div.1976). The realty transfer fee is administered by the Director of the Division of Taxation. Actions of the county recording officer and the Division Director with respect to the realty transfer fee are reviewed by the Tax Court. N.J.S.A. 46:15-11. Statutes granting exemption from the imposition of taxes must be strictly construed. MacMillan v. Taxation Div. Director, 180 N.J.Super. 175, 434 A.2d 620 (App.Div.1981), aff’d o.b. 89 N.J. 216, 445 A.2d 397 (1982).
N.J.S.A. 46:15-5 defines new construction as “... any conveyance or transfer of property upon which there is an entirely new improvement not previously occupied or used for any purpose.” The Director’s regulations follow the wording of the statute. N.J.A.C. 18:16-1.1 et seq. Where a statute is clear and unambiguous, there is no room for a construction that will alter the plain terms of the enactment. MacMillan v. Taxation Div. Director, supra, 180 N.J.Super. at 177, 434 A.2d 620. The statute is abundantly clear. It defines “new construction” as “entirely new.” It does not modify with words such as “substantially.” Further, it states that the property must not have been previously occupied nor used for any purpose. In the subject case, the construction is not entirely new because, at the very least, the five-story masonry walls of the former apartment building remain, together with the elevator shaft, the cab, some floors and supporting members. The masonry wall is 12 inches thick. After the fire, 80% of the wall was usable but 60% of the usable portion required major repairs.
Neither the fact that the property tax assessment was substantially reduced after the fire, nor the fact that the building remaining after the fire was of relatively little value compared to the rehabilitated structure overcome the fact that the rehabilitated structure is not “entirely new.”
Taxpayer argues that the word “improvement” in the definition of “new construction” (N.J.S.A. 46:15-5) means a valuable addition to property intended to enhance that property’s value. *341 Taxpayer contends that the conversion to condominium use is the improvement, and that the conversion is new construction and thus partially exempt. Taxpayer contends that the phrase, “not previously occupied or used for any purpose,” refers to the new portion of the building which, taxpayer claims, was not previously occupied. This is a resourceful argument, but a strained interpretation of otherwise unambiguous language. Customarily, real property has been regarded as consisting of land and improvements. That which is constructed upon the land are improvements. Using this customary real property and real property taxation usage, it is apparent that, in the instant case, that which is constructed upon the land is not an “entirely new” improvement because a portion of it existed prior to the new construction. See N.J.S.A. 54:4-26. If the Legislature had intended that the partial exemption was to be granted to that portion of a building that was new, administration of the partial exemption would be difficult, if not impossible. The realty transfer tax would then have to be allocated between the new portion and the existing portion. The Legislature obviously did not intend such a complex result. The meaning of the statute is clear. It requires an “entirely new” structure, not a renovation and reconstruction of an existing building.
Taxpayer also urges the partial exemption on the ground that the Legislature’s intent was to stimulate new construction and, in this case, to eliminate the “eyesore of a burned-out building.” There is no evidence of such intent in any history of enactment. Further, there is no indication in the statute that the Legislature intended to grant a partial exemption to any construction other than an entirely new improvement. In the context of the statute, the term “improvement” means the entire structure, not just the portion that constituted new construction of an existing building.
I conclude that the construction is not “entirely new construction.” I find that it is a rehabilitation and restoration of an existing building. Before the fire and the construction by taxpayer, the building was an occupied 73-apartment, English *342 Tudor style, brick and concrete five-story apartment building. After the fire, the interior was gutted, but the building was not razed. Following reconstruction, renovation and repair by taxpayer, the building was an occupied 41-unit, English Tudor style, brick and concrete five-story condominium apartment building.
It is not within the province of the court to speculate on legislative intent when the wording of the statute is clear. Environmental Protection Dept. v. Franklin Tp. 181 N.J.Super. 309, 3 N.J.Tax 105, 437 A.2d 353 (1981), aff d 5 N.J.Tax 476 (App.Div.1983). I cannot conclude that the Legislature intended to grant a partial exemption from realty transfer tax to a building that has been reconstructed, renovated and repaired after suffering extensive fire damage. This rehabilitation is not an entirely new improvement.
Taxpayer’s motion for summary judgment is denied. The Director’s motion for summary judgment is granted in favor of the Director and Bergen County. The Clerk of the Tax Court is directed to enter judgment dismissing taxpayer’s complaint.