GAYNELLE WILSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR FREDERICK WILSON, PLAINTIFF-RESPONDENT, v. UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 1, 1986—Decided October 17, 1986.

Before Judges DREIER, SHEBELL and STERN.

*Tomlin, Clark and Hopkin,* attorneys for appellant (*John P. Montemurro,* on the brief).

*Ferrara & Waldman,* attorneys for respondent (*Michael J. Waldman,* on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

The Unsatisfied Claim and Judgment Fund Board appeals an order that it pay personal injury protection benefits in the stipulated sum of $1,838.88 to an infant passenger of an uninsured automobile struck in the rear by an insured bus owned by the Township of Moorestown.

Plaintiff's claim for pain and suffering against the Township and the uninsured driver was submitted to arbitration, pursuant to the New Jersey Automobile Arbitration Program, which found the Township solely liable and awarded damages of $20,000. Judgment was entered on that award by consent of

the parties. The parties agreed there were no factual issues in the case and each moved for summary judgment in the Law Division. Plaintiff prevailed. 213 *N.J.Super.* 594.

The issue before us is whether a person injured in a motor vehicle accident caused by the negligence of an *insured* operator of another vehicle may nevertheless recover personal injury protection benefits from the Fund. We answer this question in the affirmative and affirm the judgment of the Law Division.

*N.J.S.A.* 39:6–86.1 as amended by *L.* 1983, c. 362 § 3 provides in pertinent part:

> When any person qualified to receive payments under the provisions of the "Unsatisfied Claim and Judgment Fund Law" [1] suffers bodily injury or death through being struck, as a pedestrian, as defined in section 2 of P.L. 1972, c. 70 (C. 39:6A–2), by a motor vehicle, including an automobile as defined in section 2 of P.L. 1972, c. 70 (C.39:6A–2), and a motorcycle, or by an object propelled therefrom or arising out of an accident while occupying, entering into, alighting from, or using an automobile, registered or principally garaged in this State for which personal injury protection benefits under the "New Jersey Automobile Reparation Reform Act," P.L. 1972, c. 70 (C. 39:6A–1 et seq.), or section 19 of this 1983 amendatory and supplementary act,[2] would be payable to such person if personal injury protection coverage were in force and the damages resulting from such accident or death are not satisfied due to the personal injury protection coverage not being in effect with respect to such accident, then in such event the Unsatisfied Claim and Judgment Fund shall provide under the following condition, the following benefits:
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*　　\*
>
> Provided, however, that no benefits shall be paid under this section unless the person applying for benefits has demonstrated: that he is not disqualified by reason of the provisions of subsection (a), (c), (d) or (*l*) of section 10 of P.L. 1952, c. 174 (C. 39:6–70), or any other provision of law.
>
> [1] Section 39:6–61.
> [2] Section 17:28–1.3

Prior to the 1983 amendment, footnote 1 specifically referred to Sections 39:6–61 to 39:6–91. This convinced the Law Division in *Pearman v. Unsatisfied Claim and Judgment Fund Board,* 185 *N.J.Super.* 397, 401 (Law Div.1982) that a "person qualified" to recover PIP benefits from the Fund meant the person responsible for the accident must have been uninsured because a literal reading of that earlier footnote would include the requirements of *N.J.S.A.* 39:6–70(f). However, the 1983

amendment expressly provides that the only subsections of 39:6–70 which will disqualify an applicant are (a) persons covered by the worker's compensation laws, (c) those riding in stolen motor vehicles or operating vehicles without the permission of the owner, (d) the owner or registrant of an uninsured motor vehicle or operating a motor vehicle in violation of an order of suspension or revocation and (*l*) claims made on behalf of an insurer.

More importantly, the original 1972 amendment to the Fund Law which provided a procedure for payment of PIP benefits directs that benefits "shall be payable as loss accrues." *N.J. S.A.* 39:6–86.2. The application requirements of the original 1952 Fund Act were omitted from the PIP benefits enactment which provides under *N.J.S.A.* 39:6–86.5:

> Any qualified person seeking to receive benefits as provided in [*N.J.S.A.* 39:6–86.1] shall comply with the provisions of [*N.J.S.A.* 39:6–65 (notice)] and payment under these sections shall be payable to the qualified person entitled to receive such benefits, as the loss accrues, upon receipt of reasonable proof of such loss and *without the need of a judgment* as to damages, or a hearing as provided in [*N.J.S.A.* 39:6–70] or an order for payment as provided in [*N.J.S.A.* 39:6–71]. [ (footnotes omitted) (emphasis supplied) ].

It is clear that the restructuring of the Fund Law in 1972 and 1983 was for the express purpose of providing prompt payment of PIP benefits on a first party basis without regard to fault or negligence. We reject *Pearman* because to have the question of eligibility of a claimant for such benefits depend on the ultimate ability of that person to establish the liability of an insured tortfeasor through a judgment not only is not required by the present statute but would defeat its purpose. *N.J.S.A.* 39:6–86.5 makes clear the legislative intent that PIP benefits are to be payable "without the need" of meeting the requirement of *N.J.S.A.* 39:6–70 except as expressly enumerated in *N.J.S.A.* 39:6–86.1.

The Fund urges that its monies are regarded as a trust fund to be protected by the courts and that plaintiff should recover from the tortfeasor those damages it seeks to obtain from the Fund because the No Fault Act only bars the recovery in a civil

action of "the amounts collectible or paid" as PIP benefits. *N.J.S.A.* 39:6A–12.

The Fund's position merely begs the question. Under *N.J. S.A.* 39:6A–12, PIP benefits if collectible from the Fund may not be recovered from the tortfeasor. Thus, the single insurance carrier for a third party is not compelled to carry the burden imposed by the uninsured, but rather the insurance carriers doing business within the State spread that cost through Fund assessment against each carrier as provided by *N.J.S.A.* 39:6–63. Further, under *N.J.S.A.* 39:6–86.6 the Fund may recover the sums which it pays "from any person who owned or operated the automobile involved in the accident and whose failure to have the required insurance coverage in effect at the time of the accident resulted in the payment of personal injury protection benefits ..." through a summary proceeding. *N.J.S.A.* 39:6–86.6.

We conclude that plaintiff is entitled to recover personal injury protection benefits from the Fund and affirm.