148 N.J. Super. 146 (1977)
372 A.2d 350
JOHN TODD, PLAINTIFF-APPELLANT,
v.
DALE DABKOWSKI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 22, 1977.
Decided March 2, 1977.
*147 Before Judges BISCHOFF, MORGAN and KING.
Messrs. DeMasi, Harbourt & Duh, attorneys for appellant.
Mr. George B. Esposito, attorney for respondent.
PER CURIAM.
This appeal involves the scope of the "tort exemption" under the New Jersey Automobile Reparation Reform Act, commonly referred to as the No Fault Law.
Plaintiff filed suit against defendant on June 13, 1975, seeking damages for injuries sustained as a result of an automobile accident which occurred on April 28, 1975. The accident happened when a vehicle operated by defendant, and in which plaintiff was a passenger, left the road and collided with a tree.
Defendant pleaded N.J.S.A. 39:6A-1 et seq. as a bar to plaintiff's action, and the sole issue at trial was whether the tort exemption section, N.J.S.A. 39:6A-8, applied.
Plaintiff claimed that the tort exemption section should not apply because his injuries were not "confined solely to the soft tissue of the body and that his medical expenses exceeded the $200 threshold." Plaintiff's injuries consisted of a "contusion of the right kidney with microscopic hematuria." (Hematuria indicates the presence of blood in the urine.) There was no permanent injury.
N.J.S.A. 39:6A-8 provides that there is a tort exemption from liability:
* * * [I]f the bodily injury is confined solely to the soft tissue of the body and the medical expenses incurred or to be incurred by such injured person or the equivalent value thereof for the reasonable and necessary treatment of such bodily injury, is less than $200.00, exclusive of hospital expenses, X-rays and other diagnostic medical expenses. * * * Bodily injury confined solely to the soft tissue, for the purpose of this section means, injury in the form of sprains, strains, *148 contusions, lacerations, bruises, hematomas, cuts, abrasions, scrapes, scratches, and tears confined to the muscles, tendons, ligaments, cartilages, nerves, fibers, veins, arteries and skin of the human body.
Plaintiff argues that injury to the kidney is an injury to an organ and not to soft tissue. Medical testimony at the trial suggested that, in a medical sense, an injury to an organ would not be referred to as a "soft tissue injury." Plaintiff's doctor testified that a kidney is a special vital organ consisting of arteries, veins, special tubes or tubulars (which in turn consist, in part, of muscle), special tissue, some nerves and a capsule or lining.
The term "soft tissue injury" is peculiar to the New Jersey statute and is not found in comparable legislation in other states. Schermer, Automobile Liability Insurance (rev. ed. 1975) § 8.01 et seq., at 8-1 through 8-27.
In this case of first impression we are confronted with a specific statutory definition of "soft tissue injury." One writer has observed that although the term "soft tissue" is used by physicians with some regularity, it is not specifically defined by medical science. Iavicoli, No Fault and Comparative Negligence in New Jersey, § 53 at 127 (1973). That writer inferentially includes organs as soft tissue in a discussion of the major injury limitation facet of this statute. "Injuries such as torn medical miniscus, subdural hematuria, collapsed lung, disfiguring facial scarring, ruptured bowel, etc. may arguably be confined solely to the soft tissue. * * *" Id. at § 34.
When a Legislature has clearly defined a term, the courts are bound by that definition, Febbi v. Division of Employment Security, 35 N.J. 601, 606 (1961), and this is so even if the definition does not coincide with the ordinary meaning of the words used. Eagle Truck Transport, Inc. v. Board of Review, 29 N.J. 280, 289 (1959); 1A Sutherland, Statutory Construction (4 ed 1972), § 20.08 at 59.
Giving this statute a liberal construction so as to effect its purpose, N.J.S.A. 39:6A-16, we conclude that the obvious purpose of the statute and in particular the tort exemption *149 provisions thereof can best be effected by holding that injuries to organs, such as the kidneys, are injuries "confined solely to the soft tissue" of the body.
Plaintiff's second argument is that the medical expenses incurred in treatment of the injuries sustained in the accident exceed the $200 threshold of N.J.S.A. 39:6A-8, thus making the tort exemption inapplicable. Plaintiff's treating physician submitted a bill of $125. The hospital bill was $561.75. Plaintiff, while recognizing the statutory language excluding hospital expenses in the computation of the $200 threshold, contends that the charges for urinalysis, urography, blood tests and medication should be includable. Such charges total $87.25 and, if added to the doctor's bill, plaintiff's total medical expenses would exceed the $200 threshold. The contention is clearly without merit. The statutory definition of "hospital expenses," N.J.S.A. 39:6A-2(f)(3) and (5), clearly includes such items. Therefore, N.J.S.A. 39:6A-8 does not permit the inclusion of such charges either as "hospital expenses" or as "diagnostic" expenses in determining if plaintiff's medical expenses reach the threshold of $200. Cf. Emma v. Romano, 136 N.J. Super. 255 (Law Div. 1975).
Affirmed.