CONLEY, J. T. C.
These consolidated proceedings involve construction of the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. Plaintiff[1] has challenged assessments made by the Director of the Division of Taxation in the amounts of $13,226.97 and $15,261.31, plus interest. The assessments were made with respect to the purchase and sale by plaintiff of certain plates and dies used in its manufacturing process. Plaintiff contends that the assessments should be set aside because the purchase and sale of the plates and dies were exempt from tax.
Plaintiff is engaged in the business of manufacturing printed boxes or cartons, primarily for use by the pharmaceutical industry. Plaintiff’s customers úse these printed boxes for packaging a variety of bottles and other containers for pharmaceutical products, such as tablets, pills and liquid medicines. Plaintiff receives orders for as many as ten million boxes from a single customer. The basic manufacturing process engaged in by plaintiff involves the use of large printing presses and die cutting presses. In this process paperboard sheets are fed from *487 cylinders into the printing presses which print onto the sheets the logos, trade names, directions for use and other descriptive and identifying data that will appear on finished boxes. The paperboard sheets are then fed into die cutting presses which stamp out the shape of individual cartons and score or crease them so that they can be shipped to plaintiff’s customers and ultimately be folded into the finished product.
The printing plates which are the subject of part of the assessment at issue are thin metal sheets onto which the information to be printed has been photoengraved. These plates are not infrequently scratched or otherwise damaged in the manufacturing process and must be discarded. Those plats which are not damaged must also be replaced eventually because the photoengraved images on them fade with use and cause unsatisfactory printing on the paperboard. The maximum number of printed impressions from any plate is 100,000 to 200,000, and as a consequence many plates are often used for no more than a single order of cartons. Similarly with respect to the dies, their cutting and creasing edges dull with use. Depending on the thickness and quality of the paperboard, dies become useless after cutting from 50,000 to 200,000 boxes and new dies must be used to produce cleanly cut edges and sharp creases.
The sole theory set forth in plaintiff’s two separate complaints and its pretrial memorandum is that the purchase and sale of the plates and dies were exempt from sales tax pursuant to N.J.S.A. 54:32B 8(o), which exempts the following:
Sales of, or use of wrapping paper, wrapping twine, bags, cartons, tape, rope, labels, nonreturnable containers, reusable milk containers and all other wrapping supplies when such use is incidental to the delivery of any personal property....
Plaintiff relies primarily upon the words, “labels . . . and all other wrapping supplies when such use is incidental to the delivery of personal property.” It contends that the logos and other identifying data printed on its customer’s finished boxes are in the nature of labels and are required by regulation of the Food and Drug Administration. Plaintiff’s reasoning is that
. .. [i]f the printing must be on the carton for it to be sold, it follows that the device to put the printing on the cartons, the plates, is a supply incidental to the delivery and sale of the boxes.
*488 Plaintiff misconstrues the thrust of N.J.S.A. 54:32B-8(o). This exemption is for the sale of “wrapping supplies,” such as labels, when the wrapping supplies are used in a manner incidental to the delivery of other types of personal property. The Director concedes that plaintiff’s sale of the finished boxes to its customers is not taxable because of this exemption. Presumably plaintiff would not challenge this construction of § 8(o). However, plaintiff would invert the exemption and háve it be for the purchase or sale of personal property incidental to the manufacture or delivery of labels or other wrapping materials. Plaintiff’s approach simply ignores the language of the entire section and is without merit.
At trial plaintiff raised an additional theory in support of an exemption from tax. This court could properly preclude plaintiff from raising an additional argument because it had not done so by the time of the pretrial conference. Rothman Realty Corp. v. Bereck, 73 N.J. 590, 598-599, 376 A.2d 902 (1977). However, the issue was alluded to by both counsel in their opening statements at trial and presumably their proofs were directed to the issue. Since the court sits without a jury and there does not appear to be any prejudice to the Director if plaintiff is deemed to have sought amendment of the pretrial order, I will consider plaintiff’s additional cause of action as if it had been pleaded in a proper and timely manner.
Plaintiff’s newly articulated theory is that the purchase and sale of plates and dies were exempt from tax because the definition of a taxable retail sale does not include such transactions. The definition, as relied upon by plaintiff, is as set forth in N.J.S.A. 54:32B-2(e)( 1)(A):
A sale of tangible personal property to any person for any purpose, other than (A) for resale ... as a component part of a product produced for sale by the purchaser.. ..
Plaintiff’s contention would necessitate a finding that the plates and dies became “a component part” of the finished cardboard boxes. Such a conclusion is not supported by the evidence. On the contrary, although the plates and dies are used to produce the finished product, they are discarded in the process and do not in any manner become a part of the boxes. *489 Since the plates and dies are not component parts of the boxes when sold, there is no double taxation if the plates and dies are taxed when they are bought and sold.
Plaintiff alluded to one other legal theory in its trial memorandum. The issue was that the purchase and sale of the plates and dies were exempt from tax because they come within a different exemption provision:
Sales of machinery, apparatus or equipment for use or consumption directly and primarily in the production of tangible personal property by manufacturing, processing, assembling or refining.. . . [N.J.S.A. 54:32B~8(m)(/)]
This issue was not addressed by either counsel at trial and has not been addressed at all by the Director. Plaintiff in its brief set forth this provision without reference to any authority construing this or similar provisions in the sales tax acts of other states. It simply cited the statutory language and contended that it would demonstrate that the exemption applied.
It is not the responsibility of the court to develop a legal argument that might have been made by a party. This issue not having been properly pleaded or preserved in the pretrial order, and the proofs at trial not having been directed to the issue of whether plates and dies are “machinery, apparatus or equipment,” I decline to consider this issue. Rothman Realty Corp. v. Bereck, supra.
Judgment shall be entered dismissing plaintiff’s complaints.

 The named plaintiffs are essentially the same taxpayer with different corporate names because of an acquisition, and they will be referred to in the singular.