CONLEY, J.T.C.
Plaintiffs Walter R. Zimmerer, Walter C. Zimmerer, Jr. and Walter Zimmerer & Son, the partnership in which they did business, seek a refund of a realty transfer fee in the amount *18 of $5,814.75. The fee was collected by defendant Clerk of Monmouth County pursuant to N.J.S.A. 46:15-1 et seq. as a prerequisite to the recording of certain deeds. The State of New Jersey, through the Division of Taxation, was named a defendant because 71.4% of the proceeds of realty transfer fees are remitted to the State. N.J.S.A. 46:15-8. The remaining 28.6% of the proceeds are retained by the county treasurer for the use of the county. Ibid.
The facts are not in dispute. Walter Zimmerer & Son, the partnership, consisted solely of two partners, Walter R. Zimmerer and Walter C. Zimmerer, Jr., son and father, respectively. The partnership owned a number of commercial properties in the Borough of Red Bank in Monmouth County. On April 1, 1983 the partners entered into two agreements, in connection with their decision to dissolve the partnership. The agreements set forth the purpose of the dissolution, the rights and responsibilities of each partner upon dissolution, and the way in which the partnership assets would be distributed. Pursuant to these agreements, the partnership properties were to be divided equally between the partners based upon the properties’ book values. Furthermore, one agreement contained mutual promises by each partner to indemnify and hold harmless the other partner from any and all mortgages and mortgage notes encumbering properties each was to receive.
Pursuant to their agreements, seven properties were distributed from the partnership to the son,[1] each subject to an existing mortgage. The partnership paid the recording fees required by the act under protest. The act imposes a fee upon grantors *19 The subject transfers did not involve the tender of cash; the fees were based entirely upon the amounts of the outstanding mortgages to which the properties were subject.
*18 at the rate of $1.75 for each $500.00 of consideration or fractional part thereof recited in the deed, which fee shall be collected by the county recording officer at the time the deed is offered for recording. [N.J.S.A. 46:15-7]
*19 As framed in the pretrial order, the issue to be decided is whether the amounts of the outstanding mortgages constitute “consideration” for the transfer of title within the intent of N.J.S.A. 46:15-7. Plaintiffs argue that the partnership still exists and that the partnership and the father, individually, are still liable with respect to the subject mortgages. They contend, therefore, that since the debt has not been forgiven, there was no consideration. Defendants argue that under one of the April 1,1983 agreements between the father and son, the latter agreed to assume the entire responsibility for the mortgages. They claim that this assumption constitutes actual consideration. Defendants also rely upon the statutory definition of “consideration.” “Consideration” is defined for purposes of the act in pertinent part as:
[T]he actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amounts of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title. [N.J.S.A. 46:15-5(e); emphasis supplied]
The emphasized language in this statutory provision demonstrates that the Legislature expressly defined consideration to include the mortgage balance to which a transfer is subject. This definition is binding upon the court. See Febbi v. Employment Sec. Div., 35 N.J. 601, 174 A.2d 481 (1961); Todd v. Dabkowski, 148 N.J.Super. 146, 372 A.2d 350 (App.Div.1977). Furthermore, pursuant to statutory authorization, the director has promulgated regulations to carry out the purposes of the act. N.J.S.A. 46:15-11. N.J.A.C. 18:16-4.3 provides that
In the case of a deed conveying real property which is subject to a mortgage, the consideration base upon which the realty transfer fee shall be computed shall include, in addition to any cash consideration, the unpaid balance on any mortgage to which the property is subject.
Even more to the point is N.J.A.C. 18:16-5.10 which states that
(a) In the ease of a transfer of real estate to stoekholder(s) by a corporation in liquidation, or to partner(s) by a partnership firm in liquidation, no attempt *20 will be made to project value on the basis of consideration passing between grantor and grantee, since such a transaction, in general, represents a return of capital.
(b) The transfer is not subject to the transfer fee if there is no other “consideration” as defined in the law.
(c) In the event there are no mortgages, liens or other encumbrances on the property, no realty transfer fee will be required to be paid.
It may logically be inferred from subsections (b) and (c), in conjunction with N.J.A.C. 18:16-4.3, that when a liquidating partnership transfers property subject to an existing mortgage, a realty transfer fee must be paid. This latter-quoted regulation precisely addresses the present controversy and supports defendants’ position. Unless the regulation is for some reason invalid or should not apply in this proceeding, defendants must prevail. Sorenson v. Taxation Div. Director, 184 N.J.Super. 393, 397, 2 N.J.Tax 470, 474, 446 A.2d 213 (Tax Ct.1981).
In Sorenson, Judge Andrew enumerated five principles governing judicial review of the validity of regulations promulgated by an administrative agency, which he gleaned from New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 384 A.2d 795 (1978). These principles are as follows:
(1) administrative rulemaking does not require specific findings of fact based on evidence adduced at public hearings; supporting factual bases are presumed until rebutted by the party attacking the administrative action; (2) administrative regulations are accorded a presumption of reasonableness, with the burden on the attacking party to demonstrate that they are arbitrary, capricious, unduly onerous or otherwise unreasonable; (3) administrative regulations must be within the fair contemplation of the delegation of the enabling statute; (4) the grant of authority to an administrative agency is to be liberally construed in order to enable the agency to accomplish its statutory responsibilities; courts should readily imply such incidental powers as are necessary to effectuate fully the legislative intent; (5) courts are not free to substitute their judgment as to the wisdom of a particular administrative action for that of the agency so long as that action is statutorily authorized and not otherwise defective because arbitrary or unreasonable. [Sorenson, supra, 184 N.J.Super. at 397, 398, 2 N.J.Tax at 474, 475, 446 A.2d 213]
In the present case, plaintiffs have not attacked the validity of the above-mentioned regulations. This court therefore must presume that the regulations are reasonable and cannot substitute its judgment as to their wisdom for that of the Division of Taxation. Accordingly, I hold that the subject mortgages constitute consideration and a realty transfer fee must be imposed.
*21 This was the only issue raised in the complaint and pretrial order. However, plaintiffs advanced two additional theories in support of their refund claim in their pretrial brief and at oral argument and defendants adequately addressed these theories at trial. Since this court sits without a jury and there does not appear to have been any prejudice to defendants, I will deal with these issues in this opinion. Cf. Logistics Industries v. Taxation Div. Director, 2 N.J.Tax 484 (Tax Ct.1981).
Plaintiffs contend that the transfers in question are excluded from the fee by virtue of N.J.S.A. 46:15-10. Specifically, they contend that their transfers effectuated a partition, excluded under subsection (f) of that section, and that the transfers were between parent and child, excluded under subsection (j) of that section.
Before examining these contentions I note that plaintiffs are, in essence, seeking a tax exemption. It is well established that statutes granting such exemptions are to be strictly construed against those claiming the exemption because exemptions represent a departure from the principle that all persons should bear their just and equal share of the burden of taxation. Princeton University Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961); Container Ring Co., Inc. v. Taxation Div. Director, 1 N.J.Tax 203, 208 (Tax Ct.1980), aff’d 4 N.J.Tax 527 (App.Div.1981), certif. den. 87 N.J. 416 (1981). Accordingly, one seeking an exemption has the burden of bringing himself clearly within the exemption provision. Board of National Missions v. Neeld, 9 N.J. 349, 353, 88 A.2d 500 (1952); Container Ring Co., Inc. v. Taxation Div. Director, supra, 1 N.J.Tax at 208.
Plaintiffs contend that the transfers between the partnership and the son constitute, in effect, a partition of the partnership realty. A partition, however, is “a division between two or more persons of real or personal property which they own as coparceners, joint tenants, or tenants in common, effected by the setting apart of such interests so that they may enjoy *22 and possess it in severalty____” 68 C.J.S., Partition, § 1. Plaintiffs suggest that father and son should be treated by this court as tenants in common.
This position has no merit. “A partnership is an association of two or more persons to carry on as co-owners a business for profit.” N.J.S.A. 42:1-6. As will be seen below, a partnership for purposes of transferring realty is a distinct legal entity. A tenancy in common, on the other hand, generally “exists whenever an estate in real or personal property is owned concurrently by two or more persons under a conveyance or circumstances which do not expressly or impliedly call for some other form of co-tenancy.” Mandelbaum v. Weiss, 11 N.J.Super. 27, 30, 77 A.2d 493 (App.Div.1950). Thus, the term “partnership” describes a kind of legal entity whereas the term “tenancy in common” describes a form of property ownership. The two terms are not interchangeable. Furthermore, as defendants point out, the father and son derived certain benefits from operating as a partnership. They cannot recharacterize the form under which they do business to exempt themselves from a particular tax. Tax consequences must be determined based upon what actually occurs. General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 138, 416 A.2d 37 (1980). I therefore hold that the subject transfers do not constitute a partition and are not exempt from the fee under N.J.S.A. 46:15—10(f).
Finally, plaintiffs contend that the subject transfers are exempt from the fee as being between parent and child, here the father and son. Defendants counter that the grantor was not the father but rather the partnership. They argue, therefore, that the transfer was merely between the partnership and one of its partners.
The resolution of this issue hinges upon whether the partnership is a legal entity distinct from its individual partners. It has been held that a partnership is a separate entity for some purposes. Grober v. Kahn, 47 N.J. 135, 219 A.2d 601 (1966); Mazzuchelli v. Silberberg, 29 N.J. 15, 148 A.2d 8 (1959). In *23 Mazzuchelli, Chief Justice Weintraub analyzed the Uniform Partnership Law, N.J.S.A. 42:1-1 et seq., with respect to the “entity” theory. He stated in dicta that “in general terms ... the uniform law is consistent with the entity approach for the purposes of facilitating transfers of property.” Mazzuchelli, supra, 29 N.J. at 21, 148 A.2d 8. It thus appears that a partnership is a distant legal entity for purposes of transferring property. Additionally, as stated above, exemption statutes are to be strictly construed. I therefore hold that the transfers in question do not qualify for the parent-child exemption.
In summary, I conclude that the transfers in question, which are subject to mortgages, evidence consideration as defined by the act and that plaintiffs are not entitled to any exemption. Accordingly, I deny plaintiffs’ request for a refund. The Clerk of the Tax Court is directed to enter judgment for defendants.

 The remaining partnership properties were left with the partnership and are not involved in this proceeding.