215 N.J. Super. 479 (1986)
522 A.2d 442
STRATFORD NURSING & CONVALESCENT CENTER, PLAINTIFF-APPELLANT,
v.
DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1986.
Decided November 20, 1986.
*480 Before Judges FURMAN, DREIER and STERN.
Jonathan D. Weiner argued the cause for appellant (Fox, Rothschild, O'Brien and Frankel, attorneys).
Melissa E. Hager, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General, attorney; James J. Ciancia, Assistant Attorney General, of counsel).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Pursuant to N.J.A.C. 10:63-3.10(m)(2), now repealed, appellant nursing home requested respondent Division of Medical Assistance and Health Services (DMAHS) to recognize its 22-year lease obligation in lieu of a capital facilities allowance (CFA) in calculating its Medicaid reimbursement rate for four rate periods extending from January 1, 1978 to June 30, 1981. That request was denied by DMAHS.
N.J.A.C. 10:63-3.10(m)(2) provided:

*481 The departments will review on an individual basis, situations where the strict application of the provisions of this section would be inappropriate under particular circumstances, such as:
........
The existence of firm arms-length leases whose terms cannot be modified;
Twice in contested cases hearings, an Administrative Law Judge (ALJ) recommended that the DMAHS denial be reversed. The Director of DMAHS twice declined to adopt the ALJ's recommendation. This appeal ensued. We in turn reverse.
Based upon fact findings, including a fact finding that appellant would be reimbursed about $86,000 less than its actual costs for the four rate periods by the strict application of CFA, the ALJ concluded that appellant suffered a significant hardship as a result of nonrecognition of its long-term, arms-length and nonmodifiable lease.
Initially, upon review of the ALJ's recommendation the Director of DMAHS remanded to the Office of Administrative Law for the taking of additional testimony on that issue whether appellant was reimbursed a lesser amount subsequent to respondent's adoption of Cost Accounting and Rate Evaluation (CARE) guidelines effective January 1, 1978. The CFA is one of the components of the reimbursement rate which is screened for reasonableness and adequacy according to the CARE guidelines. A nursing home is entitled to a reimbursement rate equal to the lesser of actual or screened costs. Prior to CARE, nursing homes were reimbursed for actual costs except as limited to a ceiling fixed by DMAHS.
On remand to the same ALJ, undisputed evidence established that appellant's reimbursement rates were $3.625 per bed per day prior to CARE and $4.107 per bed per day pursuant to the strict application of CFA. No adjustment was made for inflation. Richard Speranza, Chief of the Office of Long-Term Care Reimbursement within DMAHS, made clear in his testimony that:
The policy of the Division is to assess the impact of the Care system on a facility who was under the terms of an arms-length lease prior to the inception *482 of the Care system and to assess whether that impact caused the facility to be reimbursed less as a result of the Care system than they were reimbursed under the system that was in effect prior to the time Care was in place.
Speranza also made clear that appellant's request was denied for the sole reason that it was receiving more under the CARE system than that under pre-CARE. He acknowledged that the $.482 increase was the only factor considered by DMAHS in denying appellant's request for recognition of its lease obligation in the calculation of screened costs.
The ALJ, following the second contested case hearing, continued his prior recommendation of a reversal of DMAHS's denial of recognition of appellant's lease, in accordance with his conclusion that appellant suffered a significant hardship despite the increase in its reimbursement rate.
Based upon our review of the entire record, we conclude that the decision of the Director of DMAHS on appeal fails to address the ALJ's findings and conclusions in support of his recommendation, fails specifically to reject or overturn them and is, consequently, deficient for unreasonableness and arbitrariness. See State Dept. of Health v. Tegnazian, 194 N.J. Super. 435, 450 (App.Div. 1984).
In his decision, the Director deals with as a disputed issue whether appellant was entitled to reimbursement for its actual costs. Appellant made no such claim. The ALJ accepted the validity of the CARE system limiting reimbursement to the lesser of actual or screened costs. Further, the Director states that appellant "never requested a hardship appeal." But implicit in appellant's application for recognition pursuant to N.J.A.C. 10:63-3.10(m)(2) was its contention that strict application of CFA without regard to its lease obligation would work a significant hardship upon it. The ALJ so found in his decision under review by the Director.
A crucial fact-finding of the ALJ was that, by recognition of appellant's lease obligation, its screened costs under CARE would be significantly closer to its actual costs than by application *483 of CFA and that, without hardship relief under N.J.A.C. 10:63-3.10(m)(2), its loss for the four rate periods would approximate $86,000. The Director rejected that fact-finding by relying upon discredited evidence. He accepted factually an estimate of that loss at $13,847, instead of $86,000, although the witness who testified to that estimate, Mark Kopins, an analyst for the State Department of Health, acknowledged that he had improperly included as a component of CFA 70% of a $26,000 equipment lease, which should have been a component of the maintenance and replacement costs screen.[1] He agreed that appellant's loss was $86,000 by correct application of CFA. The ALJ's finding of an $86,000 loss should be given weight, and is by us, in the absence of any credible evidence to the contrary.
Moreover, in his decision the Director relied principally, if not solely, upon the DMAHS "policy" of denying any application for recognition of a long-term, arms-length lease in lieu of CFA unless the applicant's reimbursement rate had fallen below that prior to CARE. That so-called policy amounts to a rule of general application to all similarly situated nursing homes, prescribing a legal standard not expressed in any duly adopted regulation and not obviously inferable from the enabling statutory authorization. Because it was not duly adopted, as it should have been, pursuant to the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., that so-called policy is a nullity and unenforceable against appellant. State Dept. of Envir. Protection v. Stavola, 103 N.J. 425 (1986); Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313 (1984); 613 Corp. v. State, Div. of State Lottery, 210 N.J. Super. 485 (App.Div. 1986). See also Woodland Private Study Group v. State, 209 N.J. Super. 261 (App.Div. 1986).
In reversing the ALJ's recommendation, the Director concluded that appellant received a higher rate of reimbursement *484 under CARE than under the prior reimbursement system and, thus, did not show "any specific hardship resulting from the decision not to recognize its nonmodifiable lease in lieu of the CFA for the four rate periods in question." Apart from its invalidity under the Administrative Procedure Act, we question the reasonableness and fairness of the Director's strict application of the so-called policy. Inflexible adherence to it overlooks the factors of inflation and rising costs and, it may be, perpetuates pre-CARE inequities.
Because we decide as we do, we do not decide appellant's alternative argument that DMAHS's unlawful adoption of its so-called policy and subsequent denial of relief to appellant violated appellant's Federal Civil Rights, 42 U.S.C.A. § 1396a and § 1983.
We reverse and remand with directions to DMAHS to adopt the ALJ's recommendation in his decisions of May 29, 1984 and June 4, 1985.
NOTES
[1] The calculation of the maintenance and replacement screen is not in issue on this appeal.