LASSER, P.J.T.C.
Taxpayers contest the denial of their claim for refund of $149,100 in realty transfer fees paid on the recording of deeds conveying real property to a general partnership in which the grantor held a 50% interest. Taxpayer EWH 1979 Development Company, L.P. (“EWH”), a California limited partnership authorized to conduct business in New Jersey, entered into an agreement with Prudential Insurance Company of America (“Prudential”) on October 17, 1986, under which Prudential and EWH would each have a 50% interest in the development and operation of the Bridgewater Mall project. The agreement provided that EWH would contribute its entire interests in real property and tangible and intangible personal property, which interests had an agreed value of $38,661,86s.[1]
By four deeds dated October 17, 1986, EWH and Ernest W. Hahn, Inc. (“Hahn”), conveyed to Bridgewater Commons Associates, a New Jersey general partnership (“BCA”), the real property upon which the Bridgewater Mall project was being constructed, for a total consideration recited in affidavits of consideration attached to the deeds of $30 million. EWH conveyed in three deeds, and Hahn conveyed in one deed, real property at consideration recited as follows:
*324 Deed — Phase I (EWH) $ 19,000,000
Deed — Phase I (Hahn) 1,000,000
Deed — Phase II (EWH) 7.000. 000
Deed — Phase III (EWH) 3.000. 000
$ 30,000,000
The real property was not encumbered by mortgages at the time of conveyance to BCA. The four deeds describe the real property but make no reference to personal property, and there is no evidence of a separate transfer of personal property and no allocation of the consideration in the affidavits of consideration between real and personal property. At the time of the tranfers, the mall project under construction on the land was only partially completed.
Pursuant to their agreement, EWH and Prudential each have a 50% interest in assets, liabilities, profits and losses of BCA. EWH conveyed the property to the partnership, and Prudential contributed $15 million in cash to the partnership, which amount was distributed by the partnership to EWH as payment for Prudential’s 50% interest in the partnership. As a result, EWH and Prudential had equal initial balances of $15 million in their respective partnership capital accounts. BCA thereafter reimbursed EWH, from the proceeds of third party loans obtained by BCA, for its additional expenditure of $8,661,868 (the difference between the agreed value of $38,661,868 and the total venture capital of $30 million).
Taxpayers paid $149,100 in realty transfer fees to the Somerset County recording officer on November 7,. 1986 based on a total recited consideration of $30 million. Taxpayers thereafter claimed refund of all or a substantial part of these fees, which claim was denied by the Division of Taxation. Taxpayers then brought this action in the Tax Court pursuant to N.J.S.A. 46:15-11.
Taxpayers seek refund of realty transfer fees paid (plus interest), contending that:
(1) no realty transfer fees are due because the subject conveyances are entitled to exemption under N.J.AC. 18:16-5.10; and in the alternative
*325 (2) the realty transfer fees should be imposed only on 50% of the value of the real property because the grantor retained a 50% interest in the property through its 50% interest in the partnership; and in the alternative
(3) the transfer fees should be calculated on the $23 million assessed value of the property, not on the $30 million consideration recited in the affidavits of consideration attached to the deeds.
The Attorney General appeared for the Director of the Division of Taxation in defense of this action and was joined by counsel for the Clerk of Somerset County. Defendants seek dismissal, with prejudice, of taxpayers’ complaint for failure to state a claim upon which relief can be granted.
The New Jersey Realty Transfer Fee law, N.J.S.A. 46:15-5 et seq., imposes a fee on the transfer of real property, which fee must be paid as a prerequisite for the recording of all deeds for non-exempt realty transfers. “Although referred to in the statute as a recording fee, this fee has been held to be a state tax.” Grand Chester Assoc. v. Taxation Div. Director, 6 N.J. Tax 336, 339 (Tax Ct.1984) (citing New Ark Coop., Inc. v. Stalks, 141 N.J Super. 37, 357 A.2d 74 (Law Div.1976)).
I.
Taxpayers’ argument that the transfers are exempt from realty transfer fees is misplaced because there has been a transfer of ownership to the BCA partnership, a separate legal entity. Zimmerer v. Clayton, 7 N.J. Tax 15, 22 (Tax Ct.1984). Realty transfer fees must be paid on the conveyance of real property unless there is an exemption from tax in the statute or as the statute is interpreted by regulations of the Director. Id. at 19-20; Soldoveri v. Taxation Div. Director, 3 N.J. Tax 392, 394-395 (Tax Ct.1981). Neither the statute nor the regulations grant exemption for a transfer of property to a corporation or partnership. Taxpayers rely on N.J.A.C. 18:16-5.10(a), which provides that a transfer of real property to a stockholder of a corporation, or to a partner in a partnership, by the corporation or partnership in liquidation is to be regarded as a transfer without consideration unless the transfer is subject to a mortgage, in which case the realty transfer fee must be calculated *326 on the amount of the mortgage. Taxpayers argue that if a transfer to a partner on liquidation of the partnership is exempt, a transfer to a partnership from a partner must be exempt. N.J.A.C. 18:16-5.10(a) is not applicable to the subject transfers because the regulation is limited to liquidations. The subject transfers are not from the partnership on liquidation but to the partnership for consideration. EWH received $15 million and a 50% interest in the partnership. The $15 million represented 50% of the consideration for the property, based on Prudential’s payment of $15 million for a 50% interest in the partnership. There is no difficulty in determining the amount of the consideration for the transfers of the property to the partnership. Since the transfers are not the liquidation of a partnership and since the amount of the consideration is clear, I find that the transfers are not exempt from realty transfer fees under the cited regulation.
II.
Taxpayers contend that the realty transfer fees should be imposed only on the 50% interest acquired by Prudential because the transfers from EWH to the partnership were in effect transfers from EWH to itself.[2]
Taxpayers’ argument fails because BCA, a general partnership, is a legal entity separate from EWH and Prudential. Therefore, the conveyances from EWH to BCA are transfers of a 100% interest in the property to a separate and distinct legal entity. EWH chose to have title to the property held by BCA rather than transferring a 50% interest to Prudential and retaining a 50% interest. Having structured the transaction in this manner, EWH must accept the tax consequences that flow from the transfers. See General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 136-137, 416 A.2d 37 (1980).
*327 III.
Taxpayers contend that the $23,006,000[3] total local property tax assessment on the four properties is the amount to be used in the calculation of the realty transfer fees because it is inappropriate to use the recited consideration of $30 million. Taxpayers support this argument by reference to N.J.A.C. 18:16-4.5, which provides that the assessed value on the date of the transfers be used as the consideration in calculating the realty transfer fees where there is an exchange of properties and therefore no monetary consideration. The assessed value of the property is also regarded as the consideration where a leasehold interest for 99 years or more is transferred. N.J.S.A. 46:15-5(c). In the subject case, the affidavits of consideration state the consideration to be $30 million, and this is clearly the value of the consideration for the transfers. Therefore, there appears to be no reason to resort to the local property tax assessment to determine the amount of consideration.
IV.
Taxpayers argue that the transfers are not only of real property but also of personal property, and personal property is not subject to the realty transfer fee. N.J.A.C. 18:16-4.4 provides that where the consideration recited in a deed covers both real and personal property, the realty transfer fee need only be computed on that portion of the consideration allocated to real property, provided that the recital of consideration breaks down the total consideration into the amount paid for each. In this case, there is no breakdown between real and *328 personal property in the affidavits of consideration. Taxpayer does not challenge the validity of N.J.A. C. 18:16-4.4, and therefore, the regulation is applicable and binding on the transaction. Zimmerer v. Clayton, supra, 7 N.J.Tax at 20.
The personal property that taxpayers contend was conveyed with the real property consisted of development costs in connection with the development and construction of the project. The total land cost, construction costs and development costs as of September 30, 1986 were $38,661,868. Development costs consisted of consultants’ fees, legal fees, property taxes, project administration, leasing costs, advertising and promotion, financing and other costs. Deducting development costs, taxpayers calculate the consideration for the real property transferred at less than $24 million, and contend that the realty transfer fees should be calculated on $24 million.
The development costs taxpayers seek to exclude from the recited consideration are not separable from the real property consideration. They are costs incurred in the development of the project which become incorporated into the project and into the real property. If a house is sold, a transfer fee must be paid on the total consideration recited in the deed. There is no provision for deducting from the consideration the development costs (legal fees, architect’s fees, construction administration, financing costs or brokerage commissions). Development costs (referred to as “soft costs”) are part of the consideration for the transfers. In the subject ease, the recited consideration of $30 million includes land cost, construction costs and development costs. The soft costs contribute to the value of the real property, and if taxpayers were to sell to a party unrelated to this transaction, these costs would be included in the price of the real property. Hence, soft costs are a part of the consideration for the subject transfers by taxpayers to BCA.
Defendants do not contend that the realty transfer fees should be based on the total development costs of the property of $38,661,868 as of the date of the transfers, and therefore, I find that the $30 million consideration recited in the affidavits *329 of consideration attached to the deeds represents an appropriate basis on which to impose the realty transfer fees.
The Director’s denial of taxpayers’ request for refund of all or part of the $149,100 in realty transfer fees paid is affirmed. Taxpayers’ complaint is dismissed.

EWH states that the "agreed value” in the joint venture agreement is based on expenditures made by EWH to October 17, 1986 for the real and personal property conveyed.

This argument would not apply to the Hahn conveyance to the BCA partnership because Hahn has no interest in BCA.

The 1987 assessments for the mall project in the course of construction are as follows:
Phase I $ 15,158,600
Phase II 4,399,700
Phase III 2,677,300
770,400 Additional Phase I
Total $ 23,006,000