KAHN, J.T.C.
This is the court’s determination with respect to cross-motions for summary judgment involving a realty transfer fee (RTF) assessment made by the Director, Division of Taxation (Division) pursuant to N.J.S.A. 46:15-7. Plaintiffs, Norman and Thalia B. Terrell (taxpayers), contest the RTF assessment levied upon the May 22, 2000 sale of property known as 214 Windsor Avenue, Cape May, New Jersey (the property).
Taxpayers claim that the property at issue was owned by senior citizens and thus, partially exempt from the RTF pursuant to N.J.S.A. 46:15-10.1(a)(l), which provides a partial exemption on “[t]he sale of any one- or two-family residential premises which are owned and occupied by a senior citizen ... who is the seller in such transaction____” Taxpayers further claim that the Division’s denial of the exemption violated the New Jersey Administrative Procedure Act, N.J.S.A. 52:14B-1 to -24.
On July 21, 1994, taxpayers created the Terrell Family Trust, Norman and Thalia B. Terrell, Trustees (the trust). On January 24,1995, taxpayers, as individuals, transferred the subject property by deed to the Trust. On May 22, 2000, the trust as grantor transferred the property to Cynthia and George A. Yesgosh, Jr., *299 the grantees. The consideration paid by grantees to grantor, as set forth in the deed, was $335,000.00.[1] The affidavit of consideration annexed to the deed included a request for partial exemption from the RTF on the grounds that the grantor is a senior citizen and that the real estate was owned and occupied by the grantor at the time of the sale. The Division denied taxpayers’ request.[2]
Taxpayers requested an explanation of the Division’s denial of the requested exemption, and the Division sent taxpayers a copy of its publication Realty Transfer Fee Frequently Asked Questions, which specifically states that:
Q. (b) The senior citizen will maintain control over the property. Once his property is in a trust, when he sells, can he have a senior citizen partial exemption?
A. (b) No. A senior citizen exemption is a personal exemption. A trust is a legal entity not entitled to a partial exemption.
[N.J. Div. of Taxation, Realty Transfer Fee Frequently Asked Questions 2 (1999).]
Taxpayers claim that the above publication and the long-standing policy of the Division that trusts, partnerships, and other legal entities are ineligible for partial exemption, violate the Administrative Procedure Act. N.J.S.A. 52:14B-1 to -24.

Realty Transfer Fee

N.J.S.A. 46:15-7 imposes a fee on a grantor’s real estate in the amount of $1.75 for each $500 of consideration recited in the deed. The RTF is a transactional fee, imposed on the transaction of recording a deed. Id. However, under N.J.S.A. 46:15 — 10.1(a)(1), $1.25 of this fee is exempted on:
[tjhe sale of any one- or two-family residential premises which are owned and occupied by a senior citizen ... who is the seller in such transaction.
[N.J.S.A. 46:15 — 10.1(a)(1) ].
The statute specifically defines a “senior citizen” as “any resident of this State of the age of 62 years or over.” N.J.S.A. *300 46:15 — 5(f). A trust, not being a natural person, cannot be a senior citizen, and so it cannot claim the partial exemption from the realty transfer fee that is accorded to property owned, occupied, and sold by a senior citizen. In administering a transactional tax, the clerk has no duty to look beyond the grantor named in the deed. The taxpayer cannot later recharacterize the form in which they elected to hold the property. See Zimmerer v. Clayton, 7 N.J.Tax 15, 22 (Tax 1984).
The RTF is considered to be a State tax. Grand Chester Associates v. Taxation Division Director, 6 N.J.Tax 336, 339 (Tax 1984). New Jersey has consistently held that tax exemption statutes should be strictly construed against those claiming an exemption. Princeton Univ. Press v. Princeton Bor., 35 N.J. 209, 214, 172 A.2d 420 (1961); Zimmerer, supra, 7 N.J.Tax at 21. The burden is on the party claiming an exemption to clearly bring itself within the provision. Princeton Univ. Press, supra, 35 N.J. at 214, 172 A.2d 420. Taxation is the rule, and all property owners in the State are required to bear their equal share of the public taxation burden. City of Summit v. Overlook Hospital Ass’n, 4 N.J.Tax 183 (Tax 1982) (quoting Locustwood Cem. Ass’n v. Cherry Hill Tp., 133 N.J.Super. 92, 96, 335 A.2d 571 (App.Div. 1975)), aff'd, 6 N.J.Tax 438 (App.Div.1984).
“If a statute is clear and unambiguous on its face, the court must determine the intent of the Legislature from its plain meaning.” V.C. v. M.J.B., 163 N.J. 200, 217, 748 A.2d 539, cert. denied. 531 U.S. 926, 121 S.Ct. 302, 148 L.Ed.2d 243 (2000). By enacting N.J.S.A 46:15-10.1(a), the Legislature expressly permitted partial exemptions by specific individuals. See also, N.J.S.A. 46:15-10 (listing additional exemptions). The list of such exemptions does not include “trusts held by senior citizens.” The court gives substantial deference to the interpretation a State agency gives to a statute that the agency is charged with enforcing. Merin v. Maglaki, 126 N.J. 430, 436-37, 599 A.2d 1256 (1992).
In Zimmerer, the Tax Court declined to look through a legal entity to grant an exemption from the RTF. Zimmerer, supra, 7 N.J.Tax at 22-23. The grantor of the property was a father and *301 son partnership; the son eventually bought the property from the partnership and tried to claim a sale from parent to child exemption. Ibid. The court considered the partnership a legal entity for purposes of the transfer and refused to characterize the sale as being from father to son. Ibid.
Although taxpayers had full rights over the property according to Article V(G) of the trust, it was the trust that held the powers of sale under Article VI(A)(7), and not taxpayers. In fact, according to the deed, it was the trust which sold the property. The grantor of the property was not a senior citizen as defined in N.J.S.A. 46:15 — 5(f), and hence, could not have owned and occupied the property.

Administrative Procedure Act

Finally, taxpayers claim that even if the Division denies taxpayers an exemption under N.J.S.A. 46:15-10.1(a)(1), it must be in violation of the New Jersey Administrative Procedure Act. Taxpayers specifically call attention to N.J.S.A. 52:14B-2(e), which defines an administrative rule as “[an] agency statement of general applicability and continuing effect that implements or interprets law or policy,” and to N.J.S.A. 52:14B-4(a), which states that “[p]rior to the adoption, amendment, or repeal of any rule,” the agency must follow certain procedures such as giving notice of an intended action, publish the proposed rule, and provide for a public hearing and comment. Taxpayers contend that since the RTF does not specifically state that a trust cannot be a senior citizen, the Division’s actions in denying taxpayers the RTF exemption amounted to a rule created in violation of the Administrative Procedure Act. This argument has no merit.
The Division’s actions were not taken in reliance on an agency statement that attempts to interpret the law, or on a policy. The Division relies on the specific requirements of both the statute (RFT) and N.J.S.A. 46:15-10.1(a) (Exemption). Taxpayers, themselves, point out that a legal standard must be “obviously inferable from the enabling statutory authorization.” Stratford Nursing & Convalescent Ctr. v. Div. of Med. Assistance and Health Servs., 215 N.J.Super. 479, 483, 522 A.2d 442 (App.Div.1986). Clearly, *302 N.J.S.A. 46:15 — 5(f) demonstrates that the Legislature intended the definition of a “senior citizen” (“any resident of this State of the age of 62 years or over”) to be none other than a person. No other interpretation is possible.
For the reasons set forth, this court denies taxpayers’ motion for summary judgment and grants the Division’s cross-motion for summary judgment, dismissing taxpayers’ complaint and affirming the original assessment of $1,450, less $612.50, which has been paid. Statutory interest is granted.
The Director shall submit a form of judgment consistent with this opinion pursuant to the five-day Rule.

The RTF assessment made by the Division was $1,450, of which $612.50 has been paid. Taxpayers do not contend that the mathematical computation of the RTF was incorrectly calculated.

 The Division does not contest taxpayers' age(s).