PIZZUTO, J.T.C.
Plaintiffs contest the determination of the Director of the Division of Taxation concerning their claim that a particular conveyance of real property is exempt from the realty transfer fee imposed by N.J.S.A. 46:15-5 to -11. The conveyance was one in a series of transactions structured to accomplish a tax free exchange of like-kind property under I.R.C. § 1031. The material facts are not in dispute and both plaintiffs and defendants have moved for summary judgment.
Plaintiffs and other parties entered into series of transactions in order to defer payment of taxes under I.R.C. § 1031, which provides, subject to specific conditions, that:
no gain or loss shall be recognized on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment.
[I.R.C. § 1031 (a)(1) ]
First, real property located in Fort Lee was transferred from plaintiffs Vittorio and Stella Croce (the “Croces”) for consideration of $1.00 to plaintiff Adelhock, who served as an intermediary. No realty transfer fee was collected for this conveyance. Second, the Fort Lee real property was transferred from Adelhock to Paul Song, LLC, for consideration of $580,000. A realty transfer fee was paid on this conveyance in an amount not recited in the record. Third, real property located at 145 Main Street, Hacken- *236 sack, was transferred from Cruzana Manor to plaintiff Adelhock for consideration of $617,000, partly financed by a $425,000 mortgage placed on the property by Adelhock and guaranteed by the Croces. A realty transfer fee was paid on this conveyance in the amount of $2,860. Fourth, the aforementioned real property in Hackensack was transferred from Adelhock to the Croces for consideration of $1.00, and the Croces assumed the obligations of the $425,000 mortgage placed on the property by Adelhock, which they had guaranteed. All transactions concerning the transfer of the Hackensack property, the mortgage, guarantee and assumption occurred on May 8, 2001 and May 9, 2001. The Clerk of Bergen County required payment of a realty transfer fee in the amount of $1,900 on the fourth conveyance. Plaintiffs paid this amount under protest. These transactions permitted the Croces to defer recognition of gain upon disposition of the Fort Lee property for federal income tax purposes under the provisions of I.R.C. § 1031.
N.J.S.A. 46:15-5 to -11 imposes a fee (commonly called the “realty transfer fee”), on the transfer of real property, subject to certain exceptions. See EWH 1979 Development Co. v. Director, Division of Taxation, 10 N.J.Tax 321, 325 (Tax 1989). N.J.S.A. 46:15-7 provides for the calculation of the realty transfer fee and its collection by the county recording officer at the time a deed is offered for recording. N.J.S.A. 46:15-1.1 directs that any instrument affecting title to an interest in real estate shall be recorded, if it appears, among other conditions, that any required recordation fee is paid. N.J.S.A. 46:15-11 authorizes the Director of the Division of Taxation to adopt rules and regulations governing the administration of the realty transfer fee. The regulations adopted by the Director provide for resolution of protests concerning liability for the realty transfer fee by decision of the Director following reference of a dispute to the Division by a county recording officer. See N.J.A.C. 18:16-8.10. N.J.S.A. 46:15-11(b) provides for appeal to the Tax Court by any person aggrieved by action of the Director. In this action, plaintiffs seek an adjudication that the conveyance from Adelhock to the Croces of the Hackensack property (the “fourth conveyance” listed above) is *237 exempt from the realty transfer fee, and they seek recovery of the amount paid under protest.
N.J.S.A. 46:15-10 enumerates the exemptions from the realty transfer fee. A taxpayer seeking an exemption “has the burden of bringing himself clearly within the exemption provision.” Zimmerer v. Clayton, 7 N.J.Tax 15, 21 (Tax 1984) (citing Board of National Missions v. Neeld, 9 N.J. 349, 353, 88 A.2d 500 (1952)). Furthermore, “exemptions are to be strictly construed against those claiming the exemption.” Zimmerer, supra, 7 N.J. Tax at 21 (citing Princeton University Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961)).
N.J.S.A. 46:15-10(a) exempts conveyances “for a consideration, as defined in N.J.S.A 46:15-5(c) of less than $100.00.” Plaintiffs contend that N.J.S.A. 46:15-10(a) entitles them to exemption from payment of the realty transfer fee because the consideration in the fourth transfer was $1.00. Consideration, however, is defined in N.J.S.A. 46:15-5(c) to include: “the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title.” Furthermore, the Tax Court of New Jersey has found that “the Legislature expressly defined consideration to include the mortgage balance to which a transfer is subject.” Zimmerer, supra, 7 N.J. Tax at 19. Thus, “consideration” for purposes of the exemption in N.J.S.A. 46:15-10(a) consists of both the stated consideration of $1.00 and the mortgage in the amount of $425,000, which plaintiffs assumed on acquisition of the Hackensack property. Since the sum of these elements ($1.00 + $425,000) is not “less than $100.00,” the transfer does not qualify for statutory exemption and the realty transfer fee was properly collected.
Plaintiffs also argue that the mortgage is not a “prior” mortgage to which the transfer is subject, but rather that “there is a distinction between a mortgage that comes into existence prior to the transfer and one which comes into existence at the same time as the transfer.” In ordinary circumstances, a purchase money *238 mortgage is contemporaneous with the conveyance of property for a stated consideration, inclusive of the amount of the mortgage loan. 54A Am.Jur.2d Mortgages § 97 (2006). In those circumstances, the realty transfer fee is imposed on the amount of the stated consideration. This occurred in the present series of transactions with respect to the conveyance from Cruzana to Adelhock. The conveyance from Adelhock to the Croces, however, is a separate transaction by which the Croces acquired the property for $1.00 and also assumed an existing mortgage. Although they had guaranteed Adelhock’s obligations, by the assumption they became the primary obligors. Barry M. Dechtman, Inc. v. Sidpaul Corp., 89 N.J. 547, 554, 446 A.2d 518 (1982). There were, in actuality, two transfers of the Hackensack property, each with its own legal and economic consequences. Each transfer is independently subject to the realty transfer fee.
Plaintiffs contend that the imposition of the realty transfer fee on both transactions unfairly imposes a double tax. A similar argument was made with respect to the separate imposition of the transfer fee on both the transfer of real property to a cooperative corporation and the later transfer of shares from the corporation to individual owners under the Cooperative Recording Act, N.J.S.A. 46:8D-1 et seq. The Appellate Division rejected the argument, noting:
As a general rule, duplicate taxation of the same property in different forms, if in accordance with statute, is not invalid. See Old Dominion C.M. & S. Co. v. State Bd. Taxes, 91 N.J.L. 173, 178-179, 103 A. 79 (E. & A.1917); Jersey City Gaslight Co. v. Jersey City, 46 N.J.L. 194, 196 (E. & A.1884); Gritzmacher v. Taxation Div. Director, 2 N.J. Tax 489, 492 (1981). See also In re Estate of Romnes, 79 N.J. 139, 164, 398 A.2d 543 (Handler, J., dissenting).
Here, there is no double taxation as the transfer tax is imposed pursuant to the Act upon separate owners on distinct transfers at different times. Indeed, even if this were deemed to be double taxation, the Legislature may constitutionally impose a duplicate tax, although courts generally endeavor to avoid such a statutory construction where the legislative intent is questionable. The language of N.J.S.A. 46:8D-2, however, is clear as to imposition of the transfer taxes. Even if it were deemed to produce true duplicate taxation, the Legislature’s constitutional power to enact such a statute must be recognized. See Old Dominion, 91 N.J.L. at 178-179,103 A 79; Jersey City Gaslight, 46 N.J.L. at 196.
[Drew Associates of N.J., L.P. v. Travisano, 235 N.J.Super. 194, 205-206, 561 A.2d 1177 (App.Div.1989), aff'd in pertinent part, 122 N.J. 249, 268, 584 A.2d 807 (1991).]
*239 Similarly, in EWH 1979 Development Co., supra, the court rejecte.d an argument that the realty transfer fee should not apply to a portion of a conveyance claimed to constitute a transfer from an entity to itself. Judge Lasser found that two separate entities were involved and went on to invoke the familiar principle that, “[h]aving structured the transaction in this manner, [taxpayer] must accept the tax consequences that flow from the transfers. See General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 136-137, 416 A.2d 37 (1980).” EWH 1979 Development Co., supra, 10 N.J. Tax at 326.
For the reasons stated, the conveyance from Adelhock to the Croces of the Hackensack property was correctly determined to be subject to the realty transfer fee because consideration for the conveyance was correctly determined to include the amount of the mortgage assumed. Defendants’ motion for summary judgment is therefore granted, and plaintiffs’ motion is denied.