PIZZUTO, J.T.C.
This ease presents the question of whether the exemption from the Realty Transfer Fee (“RTF”) allowed by N.J.S.A. 46:15-10(a) where consideration is less than $100 is applicable to conveyances from plaintiff Mack-Cali Realty LP (“Mack-Cali”) to the other two plaintiffs (LLC entities of which Mack-Cali is the sole member).
By a deed dated July 27, 2006, Mack-Cali conveyed certain property located partly in Woodcliff Lake Borough and partly in Montvale Borough to 530 Chestnut Realty, LLC. By separate deed of the same date Mack-Cali conveyed other property in Woodcliff Lake Borough to 470 Chestnut Realty, LLC. In each case the deed recites a transfer for “Ten Dollars ($10) and other good and valuable consideration.” It is undisputed that Mack-Cali is the sole member of each of the grantee LLCs. It is also undisputed that, apart from the stated dollar sums, no other consideration passed from the grantees to Mack-Cali.
The deeds were promptly presented to the Bergen County Clerk for recording, but were returned to counsel for failure to pay the RTF calculated on consideration derived from the assessed valuation of the properties. Correspondence with the Division of Taxation (“Division”) followed, and the Division ultimately advised on December 12, 2007, that payment of the RTF had been properly required. The Division specifically advised that “[t] here can be no conveyance ... between legal entities for a consideration of less than $100.00.” Grantor and grantees together filed this action in January 2008 against both the Bergen County Clerk and the Division to contest the denial of the RTF exemption. The court has previously determined that the action presents a timely challenge to the denial of an exemption claim. Plaintiffs and the Division have each moved for summary judgment, and without presenting argument the Bergen County Clerk has joined in the Division’s motion. There are no disputed questions of material fact and the matter is appropriate for summary judgment.
*246 N.J.S.A. 46:15-7, 7.1 and 7.2 impose, in addition to ordinary recording fees, certain fees in connection with the conveyance of real property, which are collectively here considered as the Realty Transfer Fee. The fee is calculated by the application of specific rates to the consideration documented for a given transfer. Consideration is defined by N.J.S.A 46:15-5(c), in pertinent part, as follows:
(c) “Consideration” means in the case of any deed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title.
N.J.S.A. 46:15-10(a) provides that the RTF shall not apply to a deed for a consideration, as so defined, of less than $100, and it is this provision upon which plaintiffs rely in claiming exemption.
The Director of the Division of Taxation is authorized by N.J.S.A. 46:15-11 to prescribe rules and regulations concerning the RTF, and the regulations so adopted are codified at N.J.A.C. 18:16-1.1 et seq. The regulations include a provision, adopted as of August 1, 2006, and therefore not directly applicable to the deeds herein, which were executed on July 27, 2006. The particular regulation, N.J.AC. 18:16-6.1, embodies the interpretation applied by the Division in the present matter. It provides as follows:
A deed transferring real property from one legal entity to another legal entity that has common ownership is subject to the realty transfer fee. The consideration that the realty transfer fee is calculated on includes the monetary value of stock transferred or contribution to capital by the grantor. When value is indeterminable, the realty transfer fee is calculated on the assessed value of the property being conveyed on the date of the transfer adjusted to reflect the true value as determined by the Director’s Ratio for that municipality for the current year.
Plaintiffs assert that the principle embodied in this regulation, that no transfer between commonly owned legal entities will be taken to be for nominal consideration, is inconsistent with the statutory definition of consideration and cannot be invoked to deny them the benefit of exemption under N.J.S.A. 46:15-10(a). They also maintain that the Division’s practice does not enforce the regulation in accordance with its own terms. At oral argument it *247 was conceded that the Division takes the amount of nominal consideration plus any outstanding mortgage balance on property transferred on such terms between commonly owned entities as the total consideration for transfer and does not utilize the property’s assessment in calculating the applicable RTF. Plaintiffs contend, therefore, that the full application of N.J.A.C. 18:16-6.1 can be avoided by placing a nominal mortgage on the property before transfer, making for inconsistent and illogical practice.
The Division’s position is that a transfer between commonly owned entities always results in some benefit to the grantor and, if that benefit cannot be directly quantified, consideration should be measured by the value of the property transferred. In the present case the analysis appears to be that in exchange for the property transferred to each LLC, Mack-Cali came to hold an asset (the LLC) whose value had appreciated in an amount equal to the value of the transferred property.
In this case the issue of the consistency of the disputed regulatory principle with the RTF statute is a question of law, determinable by the court without particular deference to the expertise of the agency. Sorensen v. Director, Div. of Taxation, 184 N.J.Super. 393, 2 N.J.Tax 470, 446 A.2d 213 (1981). The exclusion of transfers for consideration of less than $100 is required by the express language of N.J.S.A. 46:15-10(a). The definition of consideration given in N.J.S.A. 46:15-5(c) is stated in terms of “the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title.” (emphasis added).
The definition specifically includes the amount of any mortgage to which the transferred property is subject, but does not otherwise include any element not paid by the grantee to the grantor. Statutory consideration, with the exception of the mortgage balance, comprises only elements that are directly given by the grantee and received by the grantor as part of the exchange. It does not therefore include an indirect benefit of the kind imputed by the Division. In the present case, accordingly, the consider *248 ation for each transfer was $10, as stated in the deeds, and the transactions are exempt from the RTF.
The Division’s position with respect to transfers between legal entities appears to derive in part from its understanding of certain decisions of this court interpreting the RTF statute. In Zimmerer v. Clayton, 7 N.J.Tax 15 (1984), the court rejected a contention that a given transaction was exempt as between parent and child under N.J.S.A. 46:15 — 10(j). The grantor was not the parent, but a separate legal entity, viz. a partnership between father and son. EWH 1979 Development Co. v. State Dept. of Treasury, Div. of Taxation, 10 N.J.Tax 321 (1989), concerned a claim to exclude 50% of the stated consideration in the case of a transfer from a limited partnership to a general partnership in which the grantor held a 50% interest. The court held that the transfer was between separate legal entities and that the RTF should be computed on the basis of the full consideration. In neither of these cases did the court conclude that the RTF was to be computed on the basis of any element, other than a mortgage balance, not directly received from the grantee, and neither case gives any support to the conclusion that transactions between related entities can never be taken to be for nominal consideration.
The Division’s interpretation concerning transfers between commonly owned entities is not merely inconsistent with controlling statute. As noted above, it appears to be applied inconsistently as between transfers where there is mortgage balance and those where there is not. Moreover, it also appears that the Division recognizes that certain transfers between related parties may be taken to be made for nominal consideration. See N.J.A.C. 18:16-6.3, dealing with transfers from individuals to wholly-owned corporations or partnerships.
In sum, a blanket exclusion of any transaction between commonly owned entities from qualifying for the nominal consideration exemption is contrary to the legislative intent expressed in the statute and may not be enforced with respect to the subject transactions. See International Flavors and Fragrances, Inc., v. *249 Director, Div. of Taxation, 102 N..J. 210, 218, 507 A.2d 700 (1986). The particular transactions were for consideration of less than $100 and are therefore exempt from the RTF. N.J.A.C. 18:16-6.1, having become effective after the date of the subject deeds, is not directly at issue here. The blanket exclusion that it embodies, however, is ineffective.
Summary judgment shall be entered in favor of plaintiffs determining that the subject transactions are not subject to the RTF.